UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WERONIKA JANCZUK,

                            Plaintiff,

             -against-

FEDERAL COMMUNICATIONS
COMMISSION; AT&T; APPLE; GOOGLE;
UNITED STATES OF AMERICA; FEDERAL
DEFENDERS OF NEW YORK,

                            Defendants.

24-CV-2445 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action against federal and private entities regarding her access to "telecommunications" during her pretrial detention at the Metropolitan Detention Center in Brooklyn, New York. She invokes the court's federal question jurisdiction, 28 U.S.C. § 1331, as a basis for the exercise of jurisdiction of her claims.

By order dated April 11, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Taking all of these standards together, courts liberally construe pleadings prepared by *pro se* litigants and hold them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## BACKGROUND

Plaintiff brings this action against (1) the United States of America and the Federal Communications Commission (the "Federal Defendants"); (2) the Federal Defenders of New York ("Federal Defenders"); and (3) AT&T, Apple, and Google (the "Private Defendants").

The following facts are drawn from the complaint. On January 1, 2022, Plaintiff "was arrested . . . for federal charges of interstate communications and cyberstalking before she spent approximately 22.5 months in federal detention without any indictment . . . in accord with due process guarantees." (ECF 1, at 5.) Plaintiff pleaded guilty on January 1, 2024, "in order to seek procedural steps for returning to civilian life. That plea, under the objective due process circumstances herein outlines, was granted." (*Id.*)

During her detention, Plaintiff "was given no access to telecommunications, with the exception of email . . . . As a direct consequence, . . . [Plaintiff] made no contact with [Defendants] AT&T, Apple, Google, or other platforms . . . for verification and AT&T proceeded

to discontinue her phone number." (*Id.*) "Corporations like Apple and Google tie their two-step verification process to an email address and phone number. Where a phone number is no longer in use . . . service lines cannot be activated to follow logical patterns of identity-guarantee in order to reactivate accounts." (*Id.*) Plaintiff herself "has identity-identical forms of verifying her existence across several corporate environments, including the judicial one, wherein she was detained corporeally in relation to her identity for two years and wherein she began a probation process, witnessed."

Plaintiff asserts that she "was a victim, in periods of time pre-detention-plus, to domestic violence and/or domestic terrorism, including intentional violence to abuse her over a history of speech that included homophones, in the English language, to objects with links to her legal proceedings." (*Id.*)

Plaintiff "seeks an immediate federally-plus-granted lift of dependence on account-potentially-temporary . . . and other forms of information by replacing email and telephone verification with a form of person-owned corporate self-jurisdiction . . . even if not solved by one form of verification." (*Id.* at 6.)  She also seeks "fiscal restitution . . . immediate employment . . . [and] immediate venture capital support." (*Id.*)

According to publicly available records, on January 29, 2024, Plaintiff was convicted of anonymous telecommunications harassment and sentenced to time-served and one year of supervision. *See United States v. Janczuk*, ECF 1:24-CR-0010, 43 (LGS) (S.D.N.Y. Jan. 30, 2024). The terms of Plaintiff's supervision include several restrictions on her use of e-mail and social media. *Id.* Plaintiff appealed her January 24, 2024 judgment of conviction to the United States Court of Appeals for the Second Circuit, and that appeal is pending. *See United States v.*

*Janczuk*, No. 24-351 (2d Cir.). A Federal Defenders lawyer represented Plaintiff during her

criminal matter in this court, and a lawyer from that office is assigned as appellate counsel.

## DISCUSSION

### A.     Federal Defendants

Under the doctrine of sovereign immunity, the Federal Defendants are immune from any

liability arising out of Plaintiff's claims. The doctrine of sovereign immunity bars federal courts

from hearing all suits against the federal government, including suits against federal agencies,

unless sovereign immunity has been waived.[1] *United States v. Mitchell*, 445 U.S. 535, 538

(1980); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an

action against a federal agency . . . is essentially a suit against the United States, such suits are . .

. barred under the doctrine of sovereign immunity, unless such immunity is waived."); *see, e.g.*,

*Murrey v. BrandYourself.com, Inc.*, No. 21-CV-320 (AT) (JLC), 2022 WL 4395808, at *3

(S.D.N.Y. Sept. 23, 2022) ("[T]he FCC is a federal agency and as such, has sovereign

immunity."), *report and recommendation adopted*, No. 21-CV-0320 (AT) (JLC), 2023 WL

1780806 (S.D.N.Y. Feb. 6, 2023).

The Court therefore dismisses all claims brought against the Federal Defendants under

the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### B.     The Federal Defenders of New York

Plaintiff does not allege any facts regarding the Federal Defenders, and its alleged

involvement in any conduct involving Plaintiff. To the extent Plaintiff seeks to challenge her

---

[1] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The facts as alleged, however, do not suggest that the FTCA is applicable here.

lawyer's representation of her during her criminal proceedings by asserting a claim of ineffective assistance of counsel, such a claim may not be asserted in this civil action. *See Mulligan v. Loschiavo, Capozzi, Evans*, 173 F. App'x 26, 28 (2d Cir. 2006) ("The Sixth Amendment to the United States Constitution provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense.' *Id.* Because this is a civil action, not a criminal one, [plaintiff] may not claim a violation of this right."). Rather, if Plaintiff intended to raise an ineffective assistance of counsel claim, such a claim may be raised in a 28 U.S.C. § 2255 motion, following Plaintiff's direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]neffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."). The Court therefore dismisses Plaintiff's claims against the Federal Defenders for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Private Defendants

The Court also dismisses the claims against the Private Defendants because the complaint does not suggest that AT&T, Apple, or Google violated Plaintiff's rights.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Moreover, a complaint is subject to dismissal if its "form or substance prevents the defendant from forming a 'fair understanding' of the plaintiff's allegations or otherwise prejudices the defendant in responding to the complaint." *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 345 (S.D.N.Y. 2014). Ultimately, a complaint must give "fair notice" to the defendants. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("The function of pleadings under the Federal Rules is to give fair notice of the claims asserted." (internal quotation marks omitted)).

Plaintiff's complaint does not comply with Rule 8 because Plaintiff does not make a short and plain statement showing that she is entitled to relief against the Private Defendants, by placing them on notice of the claims asserted against them. Accordingly, the Court finds that "the complaint's form [and] substance prevent[] the defendant from forming a 'fair understanding' of the plaintiff's allegations." *Ong*, 51 F. Supp. 3d at 345. Inasmuch as Plaintiff is challenging the terms of her supervision, as discussed above, this civil action is not the proper vehicle to challenge aspects of her criminal proceedings, including her sentence.

Moreover, any claim arising from AT&T's alleged discontinuance of Plaintiff's phone number does not suggest the violation of any federal law or constitutional right. To the extent Plaintiff seeks to raise a state law claim regarding Plaintiff's phone line, this Court cannot exercise diversity jurisdiction of any such claim because the facts alleged do not suggest that the amount in controversy for such a claim would exceed $75,000.[2] *See* 28 U.S.C. § 1332.

The Court therefore dismisses the claims brought against the Private Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Plaintiff states that her phone line was discontinued when she was detained, likely because she did not pay her phone bill.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a claim against the Private Defendants, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims. Should she amend her complaint, she must allege facts describing the Private Defendants' conduct and how that conduct resulted in a violation of her rights.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), with 30 days' leave to replead claims against AT&T, Apple, and/or Google.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    June 26, 2024
          New York, New York

                                              /s/ Laura Taylor Swain
                                         _____
                                              LAURA TAYLOR SWAIN
                                         Chief United States District Judge